1837.

Speiglemyer
v.
Crawford.

---

SPEIGLEMYER, administrator, &c. *vs.* CRAWFORD.

A creditor by decree in chancery is entitled to the same relief upon a creditor's bill as a creditor by judgment at law. And he may file his bill to reach the equitable assets of the party who is decreed to be personally liable to pay the debt, upon the return of an execution against such party unsatisfied, although he has not exhausted his remedy against the surety of such party.

A surety who is entitled to be subrogated to the rights and remedies of the creditor as against the principal debtor may, if he does not actually pay or discharge the debt, make a valid agreement with the creditor that the latter shall proceed by a creditor's bill against the principal debtor to collect the debt from him, and thereby to relieve him as surety; although the arrangement between the creditor and surety is such that the suit upon the creditor's bill is substantially for the benefit of the surety, and for his indemnity.

A false assertion by the vendor as to the mere value of the property he is about to sell, without any misrepresentation or deception as to any other matter of fact, is not a sufficient ground for relief to the purchaser, either at law or in equity. The law presumes that each party to a contract of sale relies upon his own judgment as to the value of the property sold, where the facts on which the value of such property depends are equally known to both.

January 23.

THIS was an application to appoint a receiver of the property and effects of the defendant, upon a creditor's bill

1837.

Speiglemyer
v.
Crawford.

founded upon a decree of this court, after an execution had been issued upon such decree and the sheriff had returned such execution unsatisfied. From the petition and bill in this suit, upon which the application was founded, it appeared that the complainant's intestate formerly had an equitable lien, for a debt, upon certain real estate ; which real estate the present defendant, C. Crawford, afterwards sold and conveyed to C. Tripp with warranty. Subsequent to such sale the complainant filed a bill in this court against Crawford and Tripp to obtain satisfaction of his lien, in which bill the fact of such conveyance to Tripp was stated. In that suit both of the defendants appeared and put in their answers. And a decree was afterwards made against the defendants therein for the payment of the complainant's debt and costs ; to be levied of the property of the defendant C. Crawford, if the same could be thus collected, and if not, to be levied of the property of the defendant Tripp. After the return of the execution unsatisfied, the defendant Tripp made an arrangement with the complainant's solicitor, by which the latter received the amount of the decree from Tripp as a special deposit, but not as a payment of the decree ; and this suit was therefore instituted for the purpose of collecting the debt and costs which remained unpaid, out of the equitable interests and choses in action of C. Crawford which could not be reached by the execution against her upon the original decree. The defendant in opposing the application read an affidavit, in which she stated that she received from Tripp, as a part of the consideration of the premises conveyed to him, a lot of land which he falsely and fraudulently represented as being more valuable than it really was ; and that she afterwards re-sold that lot to him at a loss of more than half the nominal amount at which she received the same from him originally.

*R. W. Peckham,* for the complainant.

*J. Holmes, jr.,* for the defendant.

THE CHANCELLOR. The bill in this cause, as well as the decree in the original suit, in which the defendant and Tripp were both parties, shows that C. Crawford is primarily liable for the payment of the debt and costs decreed to be paid to the complainant. And this court has already decided that a creditor by decree in chancery is entitled to the same relief against the equitable interests and other property of his debtor, upon the return of an execution unsatisfied, as a creditor by a judgment at law. (*Clarkson* v. *DePeyster,* 3 *Paige's Rep.* 320.) Neither is there any thing in the defendant's affidavit to show that she ever had any equity as against Tripp, which could protect her against his claim for indemnity upon her covenants of warranty in the conveyance to him, even if she is not estopped by the decree in the original suit, awarding execution against her property in the first instance, from insisting that she was not primarily liable for the payment of the whole of the complainant's debt and costs.

The law at the present day appears to be well settled that a false assertion by the vendor, merely as to the value of the property which he is about to sell, or as to the amount of its future income, where there is neither a warranty as to value, nor a misrepresentation of any fact respecting the property which is not a mere matter of opinion, forms no substantive ground for relief either at law or in equity. A naked assertion by the vendor as to the present or future value of property does not imply knowledge, but must necessarily be understood by the purchaser as a mere matter of judgment or opinion; and upon a subject as to which the purchaser is generally supposed to be as competent to form a correct judgment as the vendor. I will not attempt to defend the morality of a false assertion either by the seller or the buyer, in relation to his real opinion as to the value of property which is the subject of negotiation between them. It is sufficient to say the law presumes that each relies upon his own judgment and opinion as to the value of property, rather than upon the opinion of the other party to the negotiation, where the facts upon which the value of the property depends are equally known to

both. In the present case, the fact that Tripp had formerly offered to sell the Schoharie lot for $500, is a circumstance from which it might perhaps be inferred that he did not really believe it was worth the sum of $800; which he said was its actual value, when he sold it to the defendant at that price in part payment of the land purchased from her. But as the offer of the lot to another at a less price could not alter or diminish the intrinsic value of the property, and as no inquiry was made of him on the subject, he was not legally bound to disclose the fact of such offer. Tripp, therefore, stands in the situation of a mere surety for the defendant for the payment of the complainant's debt and costs in the original suit in this court; and if he had paid the decree, he would, in equity, have been entitled to an assignment of all the rights and remedies of the complainant, to compel payment and satisfaction of the debt and costs by the defendant as the principal debtor. He would also, in that case, have been permitted to file a creditor's bill against the defendant in his own name, founded on such original decree, to obtain satisfaction out of her property which could not be reached by the execution on such decree. (*Dowbiggin* v. *Brown, Young's Ex'c. Rep.* 111. *Cuyler* v. *Ensworth, in Chan. 5th April,* 1836, *ante, p.* 32.) He was, therefore, authorized to make the arrangement which he did, that the complainant should proceed in the present suit to collect the amount, if possible, out of the estate of the principal debtor. And as the original decree awarded execution in the first instance against the seperate property of the principal debtor, it was not necessary that the complainant should have exhausted his remedy against the surety also, before he proceeded by a creditor's bill against her alone.

The usual order for the appointment of a receiver must therefore be entered.