HENRY GREW & others *vs.* ANDREWS BREED & others.

A chose in action is subject to sequestration to compel the payment of money under a decree of a court of equity.

An insurance company, that owned stock in a bank, was made party to a bill in equity, under Rev. Sts. *c.* 36, § 31, which render the holders of stock in a bank, when its charter expires, liable for the payment of all its bills, and was ordered, by a decree of the court, to pay a certain sum for the benefit of the holders of unpaid bills, and an execution was issued against the company, which was returned unsatisfied : The plaintiffs in said bill afterwards filed another bill, alleging therein that the only property of said company was a promissory note for a large amount, payable to its own order ; that the company had placed said note in the hands of S. and B. for safe keeping, to remain the property of the company until the suit by said first bill should be determined ; that the plaintiffs were remediless, inasmuch as the company had no property on which an execution could be levied ; that the company refused to indorse the note to the plaintiffs, and that S. and B. refused to do what was equitable and just towards the plaintiffs, and to enforce payment of the note by the makers ; and praying that the aforesaid decree against the company might be enforced, and that the maker of the note might be decreed to pay to the plaintiffs the amount due from said company, on said decree ; and also praying such further relief as the court might deem meet. *Held*, on demurrer, that the second bill was maintainable.

THIS was a bill in equity, brought by Henry Grew, David P. Stone and William D. Waters, and also by Charles P. Curtis and Benjamin R. Curtis, (who joined as plaintiffs, as they were solicitors named in a certain decree set forth in the bill,) as well in their own behalf as in behalf of all who were admitted as parties complainant in a bill in equity heretofore filed by said Grew against Andrews Breed and others, stockholders in the Nahant Bank. See 10 Met. 569. The bill alleged that said Grew, on the 6th of February 1841, filed the abovementioned bill in equity, as well on his own behalf as on behalf of all other persons and bodies corporate, holders and bearers of bills issued by the President, Directors and Company of the Nahant Bank, and which remained unpaid at the

time of filing said bill, against the holders of stock in said bank, when its charter expired; among which stockholders, parties defendant to said bill, were the Union Fire and Marine Insurance Company of Lynn, defendants in the present bill: That after the filing of the aforesaid bill, the present plaintiffs were informed that said insurance company had appointed Andrews Breed and Jonathan Bacheller (defendants in the present bill) a committee to dispose of its property and distribute the same by paying it to the stockholders of said company, without making provision for the claims of the bill holders aforesaid; and that said Grew, by his solicitors, C. P. Curtis and B. R. Curtis aforesaid, addressed a letter to said Breed and Bacheller, in February 1841, informing them that a bill in equity had been filed against the stockholders of said bank, and, among others, against said insurance company, and that, unless said solicitors should receive satisfactory assurance, without delay, that the interest of said bill holders should be provided for and secured by said company, before its property should be put beyond the reach of its creditors, a bill in equity would be filed against said company, in order to protect the interest of said bill holders, praying that the property of said company might be placed in the hands of receivers, where it would be safe, to await the claims of said bill holders: That thereupon an adjourned meeting of the stockholders of said insurance company was held, at which it was voted, "that the vote passed at the last meeting, providing for distribution of the property of the company, consisting of the notes of Mr. Andrews Breed, be rescinded; and that said notes or note be deposited in the hands of J. C. Stickney and Jonathan Bacheller, for safe keeping, to remain the property of the company, and not to be distributed among the stockholders thereof, till after the suit of the holders of Nahant Bank bills against the stockholders of said bank shall be determined:" That said solicitors were informed, by said Stickney and Bacheller, of the proceedings of said meeting, and that a promissory note, signed by said Breed, had been put into their hands, and that they would hold the same, as

directed by the vote aforesaid : That the said note was dated February 5th 1841, signed by said Andrews Breed, and payable to the order of said insurance company, for the sum of $18,050, one third part to be paid in six months, one third part in twelve months, and one third part in eighteen months from the date, with interest on the last third part, after twelve months : That said insurance company appeared and answered to said bill, filed by said Grew against the stockholders of said bank, which was prosecuted to a hearing and final decree ; and it was thereupon decreed by the court that the said insurance company should pay unto the aforesaid Charles P. Curtis and Benjamin R. Curtis, solicitors as aforesaid, who were thereby authorized to receive the same, the sum of $4465·84; and in case said company should refuse or neglect to pay the sum aforesaid, that then an execution should issue for the aforesaid sum, in favor of said Charles P. Curtis and Benjamin R. Curtis, in their said capacity : That said Breed is solvent, and always has been, since the date of said note, and able to pay the amount thereof : That an execution, in favor of said solicitors, against said insurance company, for the sum so as aforesaid decreed to be paid by said company, was duly issued, directed to the sheriff of the county of Essex, who demanded of the president and secretary of said company to deliver or disclose to him goods, chattels or lands of said company, which they, and each of them, refused to do, and said execution was returned unsatisfied; so that the plaintiffs, and all others interested in the aforesaid decree, are remediless, inasmuch as said company have no property on which an execution can be levied.

The bill further alleged, that the said Andrews Breed had purchased the greater part of the stock of the said insurance company, and that the aforesaid note, given by him, being payable to the order of said company, could not be enforced, without its being indorsed, so as to give said solicitors power to sue thereon in a court of law; that said company refused to indorse ; and that said Stickney and Bacheller, confederating with said Breed and other persons, refused to execute the

trusts conferred upon them as aforesaid, and to enforce said Breed to pay said note, although the plaintiffs had requested them, and each of them, before this suit was commenced, to act towards the plaintiffs in such way as is equitable and just, and is now prayed : That the defendants, or some of them, had possession of the books, papers or memoranda of said insurance company, wherein the aforesaid vote of said company is duly recorded ; and that said note was in the hands and possession of said Stickney and Bacheller.

The prayer of the bill was, that the several defendants might make full and true answers, on oath, to divers interrogatories, which were appended to the bill ; that the above mentioned decree might be enforced against the said insurance company ; that the aforesaid trusts might be executed by said Stickney and Bacheller ; and that said Breed might be decreed to pay unto said Charles P. Curtis and Benjamin R. Curtis (for the benefit of all those persons, firms and corporations, that proved their claims, and became parties to and interested in the aforesaid decree) the amount due from said insurance company, as aforesaid, with interest and costs. There was also a prayer for such further relief as to the court should seem meet.

The defendants Stickney and Bacheller filed an answer, in which they admitted the facts stated in the bill, except the allegation of a demand on them, and their refusal, to execute the trusts mentioned in the bill.

The defendant Breed demurred to the bill.

*G. Minot*, in support of the demurrer. The court has no jurisdiction of this case ; and consent will not give it jurisdiction. The proceedings against the defendants are founded on the Rev. Sts. *c.* 36, § 31, which make the holders of stock in a bank, when its charter expires, individually liable for the redemption of the unpaid bills of the bank, in proportion to the stock they may respectively hold, and Rev. Sts. *c.* 44, § 22, which provide that when the officers or members of a corporation are liable for any of its debts, &c. the money due may be recovered by a bill in equity, and the " court may

make all such orders and decrees therein, as may be necessary to do justice between the parties." And the great question in the case is, whether the court can entertain a new bill to sequester property which cannot be reached on an execution issued upon a decree made on a former bill. This is an original bill, as much as an action on a judgment is a new action.

In *Jones* v. *Boston Mill Corporation*, 4 Pick. 511, it was said by Parker, C. J. that this court had authority to issue such processes against corporations as may be issued by the English chancery courts; as distringas, sequestration, &c. And in *Holland* v. *Cruft*, 20 Pick. 321, it was held that the court had full jurisdiction in incidental matters. But this doctrine does not extend to a case in which the bill alleges that the plaintiffs have no equity remedy to enforce a decree. In *Leach* v. *Leach*, 18 Pick. 68, it was decided that the jurisdiction in partnership matters did not enable the court to reform articles of partnership.

If the plaintiffs have any remedy for relief, it is by writ of sequestration against the insurance company. If this bill can be maintained, the court may take complete oversight and direction of corporations; it may distribute their effects and appoint receivers. But the equity jurisdiction over corporations is specially given by the Rev. Sts. *c.* 44, and no other jurisdiction can be taken, under general power elsewhere conferred.

This is not a case of trust under which jurisdiction arises. The facts do not show any trust in Stickney and Bacheller in favor of the plaintiffs. All corporations hold their property in trust for their creditors. *Wood* v. *Dummer*, 3 Mason, 308. If the case is put on this ground, the bill should be amended, and be brought for the benefit of all the creditors of the insurance company, or should allege that there are no other creditors. But the cases of trust, over which the court has equity jurisdiction, are technical trusts, and not those *quasi* trusts which are rather matters of fraud or breach of duty Otherwise, fraud would be within the jurisdiction of the

court, which has always been denied, and cannot be pre-
tended. See *Eaton* v. *Green*, 22 Pick. 526. *Whitney* v.
*Stearns*, 11 Met. 319.

*B. R. Curtis*, for the plaintiffs. Under the special facts of
this case, here is a trust, within the jurisdiction of the court.
The note is the only property of the insurance company,
and is a trust fund for creditors, as regarded by courts of
equity. *Baker* v. *Atlas Bank*, 9 Met. 192. It was deposited
with Stickney and Bacheller, by reason of the claims of the
bill holders on the company, and notice given of such claims.
The depositaries are trustees for the plaintiffs. No express
trust is to be found in the vote of the company ; but the
intent and legal effect were, to raise a trust for the plaintiffs,
who are the rightful claimants. And implied trusts will be
enforced by the court. *Perit* v. *Austin*, 3 Met. 474. *Wright*
v. *Dame*, 22 Pick. 55. The case of the *Inhabitants of East
Sudbury* v. *Belknap*, 1 Pick. 512, resembles the one at bar.
There was, indeed, an express trust ; but as it did not reach
the case, an implied one was raised.

The court has authority to enforce the decree heretofore
made against the insurance company. By Rev. Sts. *c.* 81,
§ 9, the court has " power to make and award all such judg-
ments, decrees, orders and injunctions, to issue all such execu-
tions and other writs and processes, and to do all such other acts
as may be necessary or proper to carry into full effect all the
powers which are or may be given to them by the laws of the
Commonwealth." See also *Jones* v. *Boston Mill Corpora-
tion*, 4 Pick. 507. *Charles River Bridge* v. *Warren Bridge*,
6 Pick. 395.

When a decree against a corporation aggregate is not
obeyed, the process against them is a distringas, and after-
wards a sequestration. The form of the distringas is, in
general terms, to compel the defendants to appear and answer
a contempt alleged against them. And when a sequestration
issues to enforce performance of a decree to pay money, the
goods of the corporation, and the rents and profits of its
real estate, are to be applied to the payment of the demand.

See 1 Barbour's Ch. Pract. 443, 444. 1 Newland's Ch. Pract. 89. 2 Sanders's Orders, 908. Story Eq. Pl. §§ 429 – 432.

But a writ of sequestration, or the like, would not enable the plaintiffs, in the present case, to obtain the chose in action, which is all the property owned by the insurance company. Other proceedings are therefore necessary. It is doubtful, at least, whether choses in action can be taken under a sequestration. See 1 Hoffm. Ch. Pract. 157 – 160. 2 Daniell Ch. Pract. 1259. *Simmonds* v. *Lord Kinnaird,* 4 Ves. 735. *Johnson* v. *Chippindall,* 2 Simons, 55. *Wilson* v. *Metcalfe,* 1 Beavan, 263. *Francklyn* v. *Colhoun,* 3 Swanst. 276, 309. *M'Carthy* v. *Goold,* 1 Ball & Beat. 387.

A bill like the present has been sustained in New York. *White* v. *Geraerdt,* 1 Edw. Ch. 336. See also *Devoe* v. *Ithaca & Oswego Rail Road Co.* 5 Paige, 521.

WILDE, J. The question is, whether the decree mentioned in the bill, that the insurance company should pay $4465·84 to C. P. and B. R. Curtis, solicitors of the plaintiffs in the former bill, can be now enforced against the said company and Andrews Breed, one of the defendants, their debtor. It is objected, that although the court had jurisdiction in the original suit, it is not extended to this suit, which is on a new bill. It is true that this is a new bill; and so are bills of revivor and other bills. But it is not strictly original. " A bill for this purpose," (to carry into execution the judgment of a court of equity,) says Lord Redesdale, "is, generally, partly an original, and partly a bill in the nature of an original bill, though not strictly original; and sometimes it is likewise a bill of revivor, or a supplemental bill, or both." Mitf. Pl (3d ed.) 76. But however this bill may be denominated or defined, it is certainly founded on the decree of the court in the former suit; and the sole question is, whether we have authority to cause it to be done in the form prayed for.

The objection is, that a chose in action is not subject to the process of sequestration. But on examining the English authorities, we do not find it so settled. Daniell, after

reviewing the authorities, considers the rule of equity upon the point to be uncertain. 2 Daniell Ch. Pract. 1262. The authorities are also reviewed in *Johnson* v. *Chippindali,* 2 Simons, *55*; and it is there intimated, that choses in action may be reached by bill, for the purpose of subjecting them to sequestration. The vice chancellor said, "I find no instance in which the court has compelled a third party to pay in a chose in action, without a bill, where any resistance has been made by the holder of the chose in action." So in *Francklyn* v. *Colhoun,* 3 Swanst. 309, Lord Eldon said, "the true question is, whether this chose in action can be taken by this sequestration, or whether there must not be some proceeding in aid of the sequestration." In *Wilson* v. *Metcalfe,* 1 Beavan, 269, Lord Langdale said, "a chose in action is subject to the process of sequestration; but how the sequestration is to be made effective in respect of choses in action may be a question requiring much consideration. In a clear and simple case, it may be by order only, or a voluntary payment may be protected; in other cases, it may be necessary to resort to an action or suit, under the direction of the court."

The doctrine maintained by these cases seems to us well founded upon principle; and it is sustained in the case of *White* v. *Geraerdt,* 1 Edw. Ch. 336, and in *Devoe* v. *Ithaca & Oswego Rail Road Co.* 5 Paige, 521.* The principle is the same on which a creditor's bill is sustained in favor of a judgment creditor at law, after his remedy there has been fully exhausted. *Clarkson* v. *De Peyster,* 3 Paige, 320. *Speiglemyer* v. *Crawford,* 6 Paige, 254. And we are authorized by the Rev. Sts. *c.* 81, § 9, to make and award all such judgments, decrees, orders and injunctions, to issue all such executions and other writs and processes, and to do all such other acts as may be necessary or proper to carry into effect the powers which are or may be given us by the laws of the Commonwealth. The court therefore have plenary power to

* See also *Hosack* v. *Rogers,* 11 Paige, 603.

do all such acts as may be necessary and proper to carry into effect all the powers given them by law ; and it is manifest, from the case stated in the bill, that unless the bill be sustained, the former decree cannot be executed, and the plaintiffs will be remediless.

*Demurrer overruled.*

At a subsequent term, the plaintiffs filed a petition, representing to the court that said Andrews Breed had become insolvent, and praying that his note to the insurance company might be ordered to be delivered to said C. P. and B. R. Curtis, to be proved, under the insolvent laws, against said Breed's estate The court, after notice to the defendants, passed the order which was prayed for, and further ordered, that said C. P. and B. R. Curtis should hold the proceeds of said note, subject to the further order of the court.