McKiNNEY, .J.,
delivered tbe opinion of tbe court.
Tbis was an action of debt in tbe circuit court of Davidson, brought by tbe Bank against tbe plaintiff in error, founded on tbe record of a judgment of tbe circuit court of Mobile county, in tbe State of Alabama, rendered on motion in favor of said bank, against tbe plaintiff in error, on tbe 6th of December, 1841, for seven hundred and seventy-eight dollars and fifty-three cents. Said judgment is founded upon a promissory note as negotiated to said bank, made by tbe plaintiff in error, and endorsed by S. S. Webb and F. B. Shepherd.
Tbe proceeding in tbis case is in pursuance of tbe 7th section of tbe statute establishing “Tbe Branch of tbe Bank of tbe State of Alabama at Mobile,” which enacts that “if any person or persons shall be indebted to said branch bank, as maker or endorser of any note, bill or bond, expressly made payable and negotiable at said branch bank, and shall delay payment thereof, it shall be1 lawful for tbe President of tbe branch bank, after having given thirty days notice thereof, to move tbe circuit or county court of tbe county of Mobile, on producing to said court before wbicb tbe motion is made, tbe certificate of tbe President of tbe branch bank, that tbe debt is really and Iona fide the property of said branch *186 bank for judgment, <fcc. See Clay’s Alabama Dig., p. 99.
The judgment on its face shows an exact compliance in every respect, with the requirements of the foregoing section.
It appears that at the same time that the above mentioned judgment was rendered against the' plaintiff in error, as maker of said note, a similar judgment was rendered thereon on motion, against E. B. Shepherd, as last endorser. And it further appears from the answer of the proper officer of said bank, to a bill of discovery filed in the progress of this suit, and likewise from the answer of Shepherd and Mallory to said bill, that the before mentioned judgment against said Shepherd, was “paid and discharged” by him to said bank, on the 15th of January, 1842, as is shown by the - books of the bank.
It furthermore appears from the books- of the bank, that on the 8th of December, 1845, an order was made by the board of directors, directing the President and Cashier of said bank, to transfer and assign the foregoing judgment against Topp to said Shepherd; and on the following day, 9th December, 1845, the assignment was accordingly made. And sometime in 1846, Shepherd transferred said judgment to George ~W. Mallory, for whose use this suit was brought' on the lYth of March, 1848.
The defendant pleaded vml teil record, and several other special pleas, in some of which it is averred in general terms merely, that the circuit court of Mobile county, Alabama, had no jurisdiction to render said judgment, but for Avhat reasons is not alleged; and in others it is averred, in the face of an express recital in the judgment, that notice of the motion, as required by the statute, was not given to the defendant.
*187 The plea of payment was afterwards put in, and issue was taken thereon; upon which the jury found that a balance of said judgment of five hundred and eight dollars and forty cents remained unpaid, for which judgment was rendered; to reverse which, an appeal in error has been prosecuted to this court.
The several special pleas of the defendant are perhaps all defective, in form as well as substance, and need not be noticed. Eirst, because, upon another distinct ground, the present action must fail; and secondly, for the more conclusive reason, that the defendant cannot be permitted to avail himself of the matters averred in said pleas.
The defendant in this case, at the time of the rendition of said judgment, was a citizen of Alabama, had his dom-icil there, and consequently was bound by the laws of that State; and the proceedings and judgment in the case are shown, upon their face, to have been in strict conformity to the law.
"We do not of course mean to controvert the doctrine now so well established, that the faith and credit given by the Constitution of the United States, to the judgment of a State court, in the judicial tribunals of another State, does not preclude an inquiry, in all cases proper for such inquiry, into the jurisdiction of the court in which the original judgment' was rendered, over the parties, or over the subject matter. The Constitution did not mean to confer any new power upon the States, but simply to regulate the effect of their acknowledged jurisdiction over persons and things within their territory. It did not make the judgments of other States domestic judgments to all intents and' purposes, but only gave a general validity, faith and credit to them, as evidence; Story’s Com. on Const., ch. 29, §§ 1297 to 1307. When declared *188 on as an evidence of debt in tbe court of another State, tbe jurisdiction of tbe court rendering sucb judgment maybe put in issue, but not tbe merits of tbe judgment. But it is a well settled principle of law, that tbe proceedings of a court of general jurisdiction, cannot be questioned collaterally, and are absolutely binding on tbe parties, until set aside by tbe tribunal in wbicb tbey may bave taken place, or regularly reversed on error. Tbis principle, we tbink, applies to tbe present case. Tbe defendant was a citizen of tbe State in wbicb tbe judgment was rendered, and bound by tbe laws thereof. It is certainly within tbe competence of each State to regulate tbe mode of bringing its own citizens before its courts, and also to regulate tbe effect of tbe proceedings and judgments of sucb courts, so far at least, as respects its own citizens; although its regulations in these respects can bave no extra territorial operation. We are of opinion, therefore, that tbe defendant cannot collaterally impeach tbe judgment in question for want of jurisdiction, on tbe ground that notice was not given, and that tbe judgment being regular and in strict conformity to tbe law of Alabama, is, in respect to tbe matter of notice, and as to all other matters, binding upon him. See American Leading Cases, Vol. 2, 724, et seq., where tbe authorities are collected.
But without pursuing tbe discussion upon this point any further, we come to consider tbe effect at law of tbe discharge by Shepherd of tbe separate judgment rendered against him in favor of tbe bank, upon tbe same identical note on wbicb tbe judgment in question was founded. Was it, in tbe view of a court of law, a satisfaction and discharge of the judgment against tbe plaintiff in error? We tbink it was. The bank bad tbe *189 unquestionable right to several judgments against tbe maker and endorser of tbe note, but it could have only-one satisfaction of tbe debt, and tbe discharge of either judgment operated, at law, as a satisfaction of tbe debt, and a discharge of tbe other judgment.
MTe do not controvert, but admit the well established doctrine in equity, that a surety, on payment of the debt of his principal, is entitled to stand in the place of the creditor, and is regarded as substituted to all the rights, remedies and securities of the creditor, and entitled to enforce all the creditor’s liens, priorities, and means of payment, as against the principal. This equitable right of the surety, as observed by chancellor Rent, stands not upon contract, but upon principles of natural justice. The payment by the surety is held, in equity, to operate merely as an assignment, and not as an extinguishment either of the debt or of the remedy. In favor of the surety, the debt and all its incidents and remedies are considered as still subsisting. IJpon payment of a judgment, the surety is entitled to be subro-gated, as against the principal, to the benefit of its lien, as it existed in favor of the judgment creditor. And it makes no difference whether the judgment was against the principal and surety jointly, or whether there were several judgments. 4 Johns. Ch. Rep. 123; 6 Paige, 254; 10 Johns. Rep. 524.
This doctrine of courts of equity considers the debt or judgment, though extinguished at law, as preserved and kept alive for the indemnity of the surety, who has paid the debt. And it is conceded, that even at law, the legal consequence of extinguishments may be avoided. It has been so held by this court, repeatedly. See 2 Meig’s Dig., 990, to 993, where the cases are *190 collected. But this proceeds upon the ground of contract with the creditor. The money is paid in such case, not in satisfaction, but by way of purchase of the judgment, and the judgment is not thereby extinguished, but remains in full force, and with its lien and other legal incidents and consequences, is transferred by assignment, to the surety, as purchaser.
But in the case under consideration, the money was paid by Shepherd to the Bank, 'in discharge of the judgments against himself, as endorser, and not as a purchaser or assignee of the judgment against Topp, and thereby the judgment against the latter became satisfied and extinguished. There remained in the Bank no longer any interest in said judgment, against Topp, except merely as to the costs thereof; nothing else could be assigned; nothing else to which Shepherd could be subrogated. 4 Humph.,- 319; 5 Humph., 298. It results, therefore, that the judgment must be reversed, and the cause remanded for a new trial.