## WADLEY v. POUCHER et al.

*(Supreme Court, General Term, Fourth Department. Febuary 11, 1890.)*

1. APPEAL—BOND—RIGHTS OF SURETIES.

    Sureties on an undertaking given on appeal to the court of appeals are not, on affirmance of the order appealed from, entitled to an assignment of it as a condition of their making payment.

2. SAME—PARTIES.

    The respondent's attorney is not a necessary party to an action on the undertaking though he may have a lien on the moneys directed to be paid by the order appealed from, in the absence of proof of any antagonism between him and his client.

Appeal from circuit court, Oswego county.

Action by Joshua L. Wadley against Jacob L. Poucher and Willard Johnson. There was a judgment for plaintiff. Defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. A. Poucher*, for appellants. *Whitney & Whitney*, for respondent.

MERWIN, J. This action was brought upon an undertaking given by the defendants to the plaintiff to perfect an appeal to the court of appeals, and stay the collection of the costs given in the order appealed from. In December, 1884, the plaintiff obtained at special term an order giving him leave to issue execution against the property of Joseph Davis, deceased. From this order the parties in opposition appealed to the general term, where, in November, 1885, the order was affirmed, with $15 costs and disbursements. An appeal was then taken to the court of appeals, and the undertaking in question given by the defendants. By this they undertook that the appellants therein would pay all costs and damages which might be awarded against them on the appeal, and that, if the order or any part thereof was affirmed, the appellants would pay the sum directed to be paid by the order, or the part thereof as to which it should be affirmed. The order appealed from was afterwards in all respects affirmed by the court of appeals, with costs to the respondent therein against the appellants therein. These costs amounted to $100.80. The order or judgment on the *remittitur* was entered in Oswego county, June 10, 1887. In the present action the plaintiff seeks to recover on the undertaking the costs in the court of appeals and those awarded at the general term. There is no dispute as to the amount. It is not claimed that any part has been paid. The defendants do not deny liability on the undertaking, but they claim that before the commencement of this action, they tendered to Cyrus Whitney, the attorney for the respondent, the amount of the costs, and demanded of him an assignment from the plaintiff under seal of the said two orders, and all his right to the moneys therein ordered to be paid. It is found by the court below, on sufficient evidence, that this tender was upon condition that the plaintiff should execute and deliver to one of the defendants the assignment. This the plaintiff's attorney declined to do, on the ground that he had no authority to execute an assignment under seal for the plaintiff, and that he did not know plaintiff's address, and could not send the same to him; but he offered himself to execute such an assignment as attorney for the plaintiff, but not under seal, and also to sign the same himself individually as well as attorney, but without recourse to himself or to the plaintiff. This the defendants refused to receive. The money was not paid, but was kept ready to be delivered on the execution and delivery of the assignment, and the same was produced on the trial, but has never been paid into court. Mr. Whitney had a lien on the moneys directed to be paid by the order, and he is one of the attorneys for the plaintiff in this action. The court below held that the defendants were not entitled to an assignment of the orders, as a condition of their making payment of the money sued for in this action, and ordered judgment for the plaintiff for the amount.

This is an action at law.    There is no provision in the undertaking giving the right to the defendants to demand an assignment as a condition to their making payment.    The tender being a conditional one, and the money not having been brought into court, no legal defense to the action was shown. Did the defendants, under any equitable rule, have a right to say they would not pay until an assignment was executed?    The cases cited by the defendants do not go so far as this.    In *Townsend* v. *Whitney*, 75 N.Y. 425, it is stated generally that the surety, upon payment, is entitled to all the remedies and securities which the creditor held before payment.    That was a case where a judgment had been recovered against an administrator and his sureties upon the administrator's bond for his failure to perform a decree of the surrogate. One of the sureties paid the judgment, and had it, as well as the decree, assigned to a third party.    The question was whether the assignee could enforce the decree.    It was held that he could.    In *Cole* v. *Malcolm*, 66 N. Y. 363, a motion was made by the owner of certain lands to compel an assignment to him of a judgment against a prior owner that was a lien prior to the title of the moving party, and which was being enforced against the lands.    The assignment was sought to enable the assignee to enforce the judgment against the judgment debtor.    In *Trombly* v. *Cassidy*, 82 N. Y. 155, it was held that a junior mortgagee was entitled to be subrogated to the rights of a prior mortgagee upon payment of the amount thereof, and might, upon tender of the amount, compel an assignment.    This relief was granted upon motion, before judgment, in an action to foreclose the prior mortgage.    Similar relief was granted in *Bayles* v. *Husted*, 40 Hun, 376, in favor of a party having a dower interest in the premises.    In the present case the obligation of the defendants is upon an independent contract directly with the plaintiff.    The defendants are not in a position to assert an equity until payment.    Upon payment they would become the equitable assignees of the orders held by the plaintiff. The enforcement of those orders, for their benefit, against the original debtors, would, upon motion, be ordered by the court.    There is nothing to show that the assignment would be necessary for their protection.    The attorney to whom the tender was made offered to give an assignment as full as he had any authority to give.    The attorney afterwards declined to give any, but that does not affect the question; as the defendants did not at the trial, or by any request for findings, indicate a willingness to accept such an assignment.    The only request on the subject that was made was for the court to find, as matter of law, "that the defendants are entitled to judgment for a dismissal of the complaint, with costs, and for affirmative relief, to-wit, $117.75, to be paid to the clerk of this court for the said plaintiff, and to be paid to him or his attorney upon the execution and delivery of an assignment, executed and acknowledged by the plaintiff, which shall pass and assign the legal title to the orders, and the money directed to be paid thereby."    The refusal of the court to so find was excepted to.    The defendants set up as a counter-claim the tender and demand of assignment, and this request was apparently presented under that, and was based on the idea that the defendant had a right to require an assignment as a condition to their performing the obligation of their undertaking.    We think they had no such right, and that the exception was not well taken.    No basis for any equitable interference in this action was shown.    The defendants do not establish any counter-claim.

It is further claimed by the defendants that the attorney, Mr. Whitney, was a necessary party to this action.    The undertaking was to the plaintiff, and he was the legal owner of the claim under it.    Whitney had an equitable lien for his costs.    Assume that such lien would include the whole amount.    We may also assume that Whitney was rightfully prosecuting the claim for his own benefit, in the name of his client.    He is one of the attorneys in this action, and a payment by the defendants to the plaintiff's attorneys would be a perfect protection against any equitable lien of the attorney.    There is

no proof of any antagonism between the plaintiff and his attorneys. We fail to see any necessity for making the attorney a party. In *Kipp* v. *Rapp*, 7 Civ. Proc. R. 385, the plaintiff had parted with the legal title. It follows that the judgment should be affirmed. Judgment affirmed, with costs. All concur.