EXECUTORS AND ADMINISTRATORS—ACCOUNTING—DECREE—MOTION TO VACATE.

> One of the next of kin sued the surety on the administrator's bond to recover her distributive share, as established by decree settling the administrator's account, and the surety, who was not cited on the accounting, applied to open the decree, claiming that the administrator had conveyed certain real estate to the distributee, and that she had given a receipt in satisfaction of her share in the estate, and a waiver of citation in the settlement of his account before a proceeding to call him to account which resulted in the decree in question. It appeared that the conveyance was as security for such share and that after giving the receipt the administrator filed his account, showing an amount for distribution corresponding with the decree entered. *Held*, that where no collusion between the administrator and the distributee was alleged, and there was no allegation that the whole of the share in question had been paid, and the administrator has no property from which any part of the amount awarded can be collected, the application to open the decree will be denied.
>
> [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 2199–2207.]

In the matter of the estate of Henry L. Haight, deceased. Application by surety on administrator's bond to open decree directing administrator to pay distributive share of Jennie E. Murray in her father's estate.

John L. Henning, for Fidelity & Deposit Company.
J. W. Atkinson, for Jennie E. Murray.

OSTRANDER, S. On September 14, 1898, letters of administration were issued out of the Saratoga Surrogate's Court to Edward L. Haight, upon the estate of his father, Henry L. Haight. Petitioner was the surety upon the administrator's bond, in the penal sum of $40,000. The heirs at law and next of kin of said deceased were his widow, Jane Haight, his daughter, Jennie E. Haight, now Jennie E. Murray, and his son, Edward J. Haight. Subsequently proceedings were taken by Jane Haight, on her petition filed March 18, 1901, to compel said administrator to render an account and to pay her distributive share of said estate, and such proceedings were had thereupon that an attachment was issued against said administrator, and he having been fined for contempt, made his account, verified September 24, 1903, and filed the same October 14, 1903. From his account it appeared that the administrator had received $34,600.22 and that he had expended for proper charges against said estate $3,433.94, leaving in his hands for distribution to those entitled thereto $31,166.28, being $10,388.76 to each of the next of kin.

November 9, 1903, Jane Haight made and acknowledged her release, under seal, to said administrator, admitting payment by the administrator to her of a balance of $2,000, and stating that such payment, together with previous payments, fully discharged said administrator from any further claims on her behalf, and on the same day Jane Haight waived the issue and service of any citation to attend the final settlement of the account of said administrator, and consented that the same be allowed without notice to her. These papers were filed November 12, 1903. No decree appears to have been made upon this account. The surety on the administrator's official bond was not cited on this proceeding.

On September 17, 1903, Jennie E. Haight signed, sealed, acknowledged, and delivered to Edward L. Haight, as administrator of Henry L. Haight, a paper reading as follows:

"Received of Edward L. Haight as administrator, etc., of the estate of Henry L. Haight, deceased, the sum of 1.00 in full payment, satisfaction and discharge of my share of the estate of said Henry L. Haight, deceased, and I hereby waive the service of any notice or citation of the final judicial settlement of the account of said Edward L. Haight as such administrator, and consent that the surrogate of Saratoga county, N. Y., proceed with the judicial settlement of the account of said administrator without the issuing or service upon me of any notice or citation."

This paper was filed with the surrogate on November 12, 1903.

On December 1, 1904, Jennie E. Murray filed a petition praying for a judicial settlement of the account of the administrator, and in which she alleges that she has received from said administrator payments in cash and real estate upon her distributive share of said estate, about $5,200, and that there remains to be distributed to her of her said share about $4,000. On this petition, citations were issued and served upon Jane Haight, upon the Fidelity & Deposit Company of Maryland, surety on the administrator's bond, and upon the administrator.

On December 21, 1904, this proceeding was dismissed on application of the petitioner.

On January 21, 1905, Jennie E. Murray, filed a verified petition referring to the account filed by said administrator on October 14, 1903, and reciting that she had received from said administrator payments upon her distributive share of said estate amounting to about $5,200, and that there remained to be distributed to her about $4,000, and praying for a decree directing the administrator to pay her claim. The surety on the administrator's bond was not cited on this proceeding. The administrator did not file any answer to this petition, and on June 1, 1905, a decree was made by the surrogate reciting that it appears from the account filed October 14, 1903, and from the proofs taken on the proceeding in question that the administrator has received assets of said estate to the amount of $34,600.22, has expended for debts, funeral expenses and expenses of administration $3,433.94, leaving still in the hands of the administrator $31,166.28 (to be distributed to those entitled thereto) and that petitioner is entitled to a one-third distributive share in said estate. Said decree further recited that it appears that the petitioner has received from the administrator upon her distributive share $3,300, and that a deed of certain realty executed March 12, 1900, by said Edward L. Haight to petitioner, recorded in Book of Deeds 250, p. 330, for the expressed consideration of $4,000, was given by said Edward L. Haight and received by petitioner to secure the payment of her share or interest in the said estate and not as a payment on her distributive share. Said decree directed the administrator to pay to said Jennie E. Murray $7,088.76, the balance of her distributive share. This decree was docketed in Schenectady county, August 18, 1905. An execution upon said decree was issued to the sheriff of Schenectady county on August 21, 1905. This execution was returned by said sheriff February 28, 1906, with the following indorsement thereon:

"I have made the sum of four hundred fifty dollars part of the monies directed to be made upon the within execution; and I find no goods or chattels, lands or tenements of the within Edward L. Haight in my county, whereof I can make the balance of the said execution.
                                        "Merritt Hammond, Sheriff."

About March 29, 1906, said Jennie E. Haight, now Jennie E. Murray, brought an action in the Supreme Court against the Fidelity & Deposit Company of Maryland, the surety upon the official bond of the administrator, to recover $6,983.45 with interest thereon from February 26, 1906, being the amount claimed by her as the balance of her distributive share of the personal estate of said Henry L. Haight, deceased, after deducting the sum realized on the said execution.

On April 20, 1906, said Fidelity & Deposit Company filed its petition in this court, in this proceeding, praying that said decree of June 1, 1905, be opened and set aside, and that petitioner be allowed to come in and be heard upon an accounting, and alleging that, unless said relief be granted, said petitioner will be compelled to pay

large sums of money which are not honestly due and owing the plaintiff and for which said administrator should not be held liable. No fraud or collusion between the administrator and the said Jennie E. Murray is alleged in the moving papers. The petitioner, however, alleges the making and filing by Jennie E. Murray of the release which was filed November 12, 1903, above set forth. Also the conveyance by said administrator to said Jennie E. Murray of the lands, for consideration expressed in said deed of $4,000, above referred to, and insists that these show payment, if not of the whole claim of said Jennie E. Murray for a distributive share of said estate, of at least $4,000 in excess of the amount with which the administrator was credited in the decree of June 1, 1905.

An answer to the proposition that the release discharged or was intended to discharge the administrator from any further payments to Mrs. Murray is found in the fact that, subsequent to the making and delivery of said alleged release, the administrator filed his account, in which he expressly stated that he had on hand for distribution to the parties entitled thereto (one of which was named as Jennie E. Murray) the sum of $31,166.28, thus supporting the answering affidavits of Mrs. Murray on this proceeding, to the effect that said release was made and given for a purpose other than that of discharging said administrator from the payment of her distributive share of said estate. There is no allegation in the moving papers that the whole of Mrs. Murray's share of said estate has been in fact paid to her. An answer to the claim of the petitioner herein that the consideration of $4,000, expressed in the conveyance of real estate by Haight to Mrs. Murray, should be applied as a payment upon her distributive share in said estate is found in the affidavit of Edward L. Haight, read by the petitioner herein as a part of his moving papers, in which it is stated that said conveyance was made to her as a security and not otherwise. There is no proof offered that any other irregularities or errors existed in the account upon which the decree of June 1st was rendered.

The petitioner excuses any apparent laches in this application by showing that no knowledge of the making of said decree of June 1st, or of the existence of any claim on the part of Mrs. Murray against the administrator had come to its knowledge until the commencement of her action against it, in March, 1906, which is a sufficient excuse. It is well settled that decrees and judgments should not be opened unless it clearly appears that substantial justice will be promoted thereby, or that such action is necessary to correct errors entering into the decree. It is not disputed by the administrator that this distributive share is due to Mrs. Murray, as stated in the decree, less the $450, realized upon the execution. He not only defaulted upon the proceeding taken to compel the payment which resulted in the decree of June 1, 1905, but has never since moved to open this decree, nor does he in his affidavit read by the petitioner herein deny that such balance is due her. No substantial reason is shown why her share of said estate, thus determined, should not be paid to her. While there are intimations in the moving papers that the ex-

ecution issued upon the decree of June 1, 1905, was returned mostly unsatisfied as a result of some arrangement between Mrs. Murray and the administrator, yet this is strictly denied by her answering affidavits, and there is nowhere in the moving papers any suggestion that any personalty was owned by said Haight from which any part of said execution might be satisfied other than the $450 which was paid thereon, nor any facts from which it might appear that any injury has occurred to the petitioner by reason of the return of said execution.

It is true the petitioner had no notice of the proceedings which resulted in the decree of June 1, 1905, but it is conceded that no notice to it was required by law. It is also true that some property of the said Edward L. Haight is held by Mrs. Murray as security for the payment of her claim; but, upon payment by the petitioner herein of the moneys owing to Mrs. Murray, the petitioner will be subrogated to all the rights of Mrs. Murray, both in this security and in the decree which she holds against the administrator for the payment of her distributive share; and, if said Edward L. Haight is possessed of any real estate in Schenectady county, or elsewhere, from which said execution might have been satisfied, the lien of said decree still exists thereon, and the petitioner will have the benefit thereof. Townsend v. Whitney, 75 N. Y. 425. I think the petitioner fails to show that if said decree of June 1, 1905, be opened, any condition more favorable to the petitioner is likely to be developed upon a further accounting in the matter, and that the prayer of the petitioner should be denied.

Application granted.